**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OJCOMMERCE, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ITAMAR ARONOV,<br><br>Defendant. | Civil Action No. 26-00372 (GC) (JTQ)<br><br>**MEMORANDUM OPINION** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon Defendant Itamar Aronov's (Aronov) Motion to Dismiss. (ECF No. 19.) Plaintiff OJCommerce, LLC (OJC) opposed, (ECF No. 20), and Aronov replied, (ECF No. 22). OJC also submitted briefing on supplemental authority issued after the completion of briefing in this case. (ECF No. 29.) The Court has carefully reviewed the parties' submissions and decides the matter without oral argument pursuant to Federal Rule of Civil Procedure (Rule) 78(b) and Local Civil Rule 78.1(b). For the reasons set forth below, and other good cause shown, Aronov's Motion is **DENIED** without prejudice.

## I. BACKGROUND

### A. Factual Background[1]

OJC is an online retailer that sells goods to consumers within the United States and is a Delaware LLC with its principal place of business in Florida. (ECF No. 1 ¶¶ 1, 17.) HYC

[1] On a motion to dismiss under Rule 12(b)(6), the Court must accept all facts as true, but courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation modified).

Logistics, Inc. (HYC) is a corporation "engaged in the business of providing trucking services to the public at large within the United States," and is not a party to this action. (*Id.* ¶ 4.) Aronov is HYC's Vice President of Sales and a New Jersey resident. (ECF No. 1 ¶¶ 2-3; ECF No. 19-1 at 14.)[2] This cases arises out of a former business relationship between OJC and HYC. (*See* ECF No. 1 ¶ 20.)

***1. 2022 Events***

As part of its business, OJC imports products from Asia via ocean freight shipping containers. (ECF No. 1 ¶ 18.) OJC employs logistics companies to transport those shipping containers from California ports to warehouses. (*Id.* ¶ 19.) HYC is one such company, and in August 2022, OJC and HYC entered into a business relationship whereby HYC agreed to transport OJC's international shipping containers. (*Id.* ¶ 20.) Specifically, HYC agreed to act as an "agent" of OJC to pick up the shipping containers at the port and transport them to OJC's warehouses. (*Id.* ¶¶ 21-23.) Aronov communicated with OJC on behalf of HYC. (*See id.* ¶¶ 2, 24.)

OJC alleges that Aronov orchestrated a "calculated fraud scheme . . . culminating in the wrongful seizure of nearly one million dollars of [] OJC's merchandise to coerce payment for fraudulent invoices." (*Id.* ¶ 7.) OJC contends that Aronov made "materially false representations" to OJC about HYC's billing practices, which OJC contends that it relied upon in agreeing to work with HYC. (*Id.* ¶¶ 25-27.) Once OJC and HYC had entered into a business relationship, OJC alleges that HYC, at Aronov's direction, billed OJC for fabricated fees and arbitrary charges. (*Id.* ¶¶ 32-42.)

---

[2] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

In October, November, and December 2022, OJC raised concerns about fees and charges with Aronov. (*Id.* ¶¶ 46-49, 53.) Separately, in December 2022, OJC imported four containers to Los Angeles, California and five containers to Long Beach, California (collectively the Containers). (*Id.* ¶¶ 50-51.) The Containers contained products that OJC had imported for sale in the United States. (*Id.* ¶ 52.) OJC contends that the Containers' contents were valued at $939,788.35. (*Id.* ¶ 87.)

On December 13, 2022, OJC alleges that it terminated its agency relationship with HYC due its concerns about the fees charged by HYC. (*Id.* ¶ 56.) OJC directed Aronov and HYC to "cancel ALL pending appointments." (*Id.* ¶ 61.) On that same day, Aronov sent OJC sixty-eight invoices totaling $82,115.00 for previous shipments; OJC represents that only $41,895.00 were legitimate charges for trucking services. (*Id.* ¶ 59.) OJC alleges that between December 13 and 14, 2022, Aronov and HYC unlawfully directed their trucking agent to retrieve the Containers and to bring them to the trucking agent's yard. (*Id.* ¶¶ 57-58, 70). Aronov does not dispute that HYC retrieved the containers but contends HYC had the contractual right to do so by virtue of a lien provision in the parties' contract, and further, that HYC planned to sell the goods inside the Containers to satisfy OJC's outstanding debt to HYC. (ECF No. 19-1 at 10-11.)

On December 15, 2022, OJC sent a demand letter to Aronov informing him he had no authorization to retrieve the Containers and demanded their immediate return. (ECF No. 1 ¶ 78.) Also on that same day, Aronov sent OJC another twelve invoices totaling $14,465.00; OJC represents that only $6,615.00 were legitimate charges for trucking services. (*Id.* ¶ 60.) OJC alleges that HYC claimed that the total outstanding balance owed by OJC was $307,310.00 and HYC demanded payment before it would release the Containers. (*Id.* ¶ 82.) OJC asserts that the

outstanding balance included at least $49,215.00 in fabricated charges and $67,350.00 in inflated charges, and only $105,840.00 was for legitimate freight charges. (*Id.* ¶¶ 83, 91-92.)

### *2. Tennessee Action*

In 2023, HYC filed suit against OJC and its CEO in the United States District Court for the Western District of Tennessee (Tennessee Action), asserting contract and fraud claims arising out of the 2022 events. (*Id.* ¶ 94.) Complaint, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Feb. 2, 2023), Dkt. No. 1.[3] OJC countersued HYC, Aronov, other "representatives" of HYC, and HYC's trucking agent.[4] Counterclaim with Answer and Affirmative Defenses, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Sep. 29, 2023), Dkt. No. 49. On August 5, 2024, the court dismissed Aronov and the other HYC representatives from the Tennessee Action for lack of personal jurisdiction. (ECF No. 1 ¶ 95.) Order Granting Joint Motion to Dismiss, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 5, 2024), Dkt. No. 226; Judgment as to Counter Defendants, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 6, 2024), Dkt. No. 227.

---

[3] "On a motion to dismiss, the Court may take judicial notice of the record from a previous court proceeding between the parties." *United Support Sols. v. LaPierre*, Civ. No. 14-2842, 2014 WL 3058561, at *1 (D.N.J. July 7, 2014).

[4] Also in 2023, Plaintiff filed suit against HYC's trucking agent in the United States District Court for the Central District of California. Complaint, *OJ Commerce, LLC v. 562 Express, Inc.*, Civ. No. 23-00106 (C.D. Cal. Jan. 8, 2023), Dkt. No. 1. The California case was ultimately transferred to the Western District of Tennessee, and consolidated with the Tennessee Action. Order Granting Defendants' Motion to Transfer, *OJ Commerce, LLC v. 562 Express, Inc.*, Civ. No. 23-00106 (C.D. Cal. Apr. 18, 2023), Dkt. No. 43; Docket Annotation, *OJ Commerce, LLC v. 562 Express, Inc.*, Civ. No. 23-02226 (W.D. Tenn. Apr. 19, 2023), Dkt. No. 44 ("Case transferred in from District of California Central."); Order Denying Motions to Dismiss and Granting Motion to Consolidate, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. July 31, 2023), Dkt. No. 32.

After a jury trial and post-trial motions, the court in the Tennessee Action entered judgment:

> (1) in favor of HYC and against [OJC] in the amount of $587,641.04 for the first uncured, unwaived material breach of the contract;
>
> (2) in favor of HYC on the question of whether it properly exercised its lien right;
>
> (3) in favor of [OJC] on HYC's claim that [OJC] committed intentional and/or reckless misrepresentation;
>
> (4) in favor of [OJC] on HYC's claim that [OJC] committed promissory fraud;
>
> (5) in favor of [OJC's CEO] on HYC's claim that [OJC's CEO] committed intentional and/or reckless misrepresentation;
>
> (6) in favor of [OJC's CEO] on HYC's claim that [OJC's CEO] committed promissory fraud;
>
> (7) in favor of HYC on [OJC's] claim that HYC engaged in an unfair or deceptive act or practice;[5]
>
> (8) in favor of [OJC] and against HYC in the amount of $238,279.45 for intentional and/or reckless misrepresentation; and
>
> (9) in favor of HYC on [OJC's] claim that HYC committed promissory fraud.

Amended Judgment, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. July 10, 2025), Dkt. No. 344. The court denied OJC's motion for attorneys' fees but granted in part HYC's motion, awarding HYC $450,000.00 in attorneys' fees and $9,089.12 in costs. Order on Motions for Attorneys' Fees at 22, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Dec. 8, 2025), Dkt. No. 365. On December 17, 2025, OJC appealed the Tennessee

[5] The jury originally found for OJC on this claim alleging a violation of the Tennessee Consumer Protection Act (TCPA) and awarded OJC $701,508.81 in damages. Jury Verdict, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Dec. 20, 2024), Dkt. No. 302 at 4. However, HYC moved post-trial for judgment as a matter of law to vacate this damages award, which the court granted. Order on Post-Trial Motions at 1, 9-28, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. June 26, 2025), Dkt. No. 342.

Action to the Sixth Circuit and that appeal remains pending. Notice of Appeal, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Dec. 17, 2025), Dkt. No. 368; *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 25-6154 (6th Cir.).

**B. Procedural Background**

On January 13, 2026, OJC filed this action against Aronov.[6] OJC brings claims of fraud, (ECF No. 1 ¶¶ 102-115), fraudulent inducement, (*id.* ¶¶ 116-130), deceptive trade practices, (*id.* ¶¶ 131-147), tortious interference with contract, (*id.* ¶¶ 148-158), tortious interference with prospective economic advantage, (*id.* ¶¶ 159-170), and aiding and abetting tortious conduct, (*id.* ¶¶ 171-183). OJC seeks judgment against Aronov, treble damages, punitive damages, and attorney's fees and costs.[7] (*Id.* at 25.) On March 27, 2026, Aronov filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6). (ECF No. 19.)

## II. LEGAL STANDARD

On a motion to dismiss for failure to state a claim upon which relief can be granted, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the plaintiff, and assess whether the complaint and the exhibits attached to it contain enough facts to state a claim to relief that is plausible on its face." *Wilson v. USI Ins. Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (citation modified). "A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (citation modified).

---

6 The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

7 Aronov notes that around the same time, OJC also filed a lawsuit against Uri Silver, HYC's President of Logistics, in Florida state court. (ECF No. 19-1 at 14.) *OJCommerce, LLC v. Silver*, CACE26000990 (Fla. Broward County Ct. Jan. 15, 2026). Aronov contends this Florida case is a "virtual carbon copy of the allegations set forth in this Complaint against Aronov." (ECF No. 19-1 at 14.)

When assessing the factual allegations in a complaint, courts "disregard legal conclusions and recitals of the elements of a cause of action that are supported only by mere conclusory statements." *Wilson*, 57 F.4th at 140 (citing *Oakwood Lab'ys LLC v. Thanoo*, 999 F.3d 892, 904 (3d Cir. 2021)). The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prod. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)). "On a Rule 12(b)(6) motion, a complaint may be dismissed on *res judicata* grounds, where the necessary facts are 'apparent on the face of the complaint.'" *Del Priore v. Sabo*, Civ. No. 19-17806, 2020 WL 1485895, at *2 (D.N.J. Mar. 27, 2020) (quoting *Rycoline Products, Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997)).

## III. <u>DISCUSSION</u>

Aronov argues that this action must be dismissed as the core factual allegations are identical to those already litigated in the Tennessee Action and Aronov, as HYC's representative, employee, and agent, is entitled to assert res judicata and collateral estoppel as a defense. (ECF No. 19-1 at 7-8.) In the alternative, Aronov argues that this action must be stayed or transferred to the United States District Court for the Western District of Tennessee under the first-to-file rule. (*Id.* at 32-35.) The Court considers Aronov's arguments in turn.

### A. Choice of Law

As a preliminary matter, Aronov argues that the federal common law of preclusion applies, because the court that rendered the original judgment was a federal court sitting in diversity. (ECF No. 19-1 at 20.) According to Aronov, federal common law applies the preclusion law of the forum state, and because the prior action was litigated in the United States District Court for the Western District of Tennessee, Aronov contends that Tennessee law applies to determine the preclusive effect of the Tennessee Action. (*Id.*) OJC agrees that the federal law of preclusion applies, but

argues that New Jersey preclusion law applies because Tennessee's choice-of-law rules apply the law of the place with the "most significant relationship" to the tort claims. (ECF No. 20 at 11-12.)

The Court agrees with Aronov. While generally a federal court sitting in diversity "must follow the substantive law of the forum state, including that state's choice-of-law rules," *Int'l Foodsource, LLC v. Grower Direct Nut Co.*, Civ. No. 16-3140, 2016 WL 4150748, at *8 (D.N.J. Aug. 3, 2016), it is well-settled that for preclusion specifically, "the federal court tasked with enforcing a judgment from another federal court sitting in diversity must apply 'the [preclusion] law that would be applied by state courts in the State in which the federal diversity court sits,' unless 'the state law is incompatible with federal interests,'" *Erie Indem. Co. v. Stephenson*, 157 F.4th 265, 276 n.19 (3d Cir. 2025), *cert. denied,* 146 S. Ct. 1833 (2026) (alteration in original) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508-09 (2001)). Thus, this Court must apply Tennessee's preclusion law. *Smith v. Buttry*, Civ. No. 04-003, 2005 WL 1965736, at *3 (E.D. Tenn. Aug. 16, 2005) ("Because the previous judgment at issue here was rendered by a federal court sitting in Tennessee, the application of issue preclusion as to the substantive state law claims decided in that judgment should be determined under Tennessee preclusive law.").

### B. Res Judicata and Collateral Estoppel

Aronov first argues that res judicata is an absolute bar to this action. (ECF No. 19-1 at 21-28.) OJC argues that res judicata does not bar this action as there is no prior merits adjudication for Aronov, and no privity between him and HYC. (ECF No. 20 at 12-19.) Aronov also argues that collateral estoppel presents an absolute bar to this action. (ECF No. 19-1 at 28-31.) OJC disagrees, arguing that collateral estoppel does not bar this action because the issues are not the same as in the Tennessee Action. (ECF No. 20 at 21-22.)

While "res judicata" is often used to refer to the "preclusive effect of a judgment" overall, "in Tennessee, res judicata generally refers only to the doctrine of claim preclusion, and the term

collateral estoppel is used to refer to the doctrine of issue preclusion." *Hanger Prosthetics & Orthotics E., Inc. v. Henson*, 299 F. App'x 547, 554 n.2 (6th Cir. 2008). Claim preclusion "bars a second suit between the same parties on the same cause of action with respect to all the issues which were or could have been brought in a former suit," while issue preclusion is broader, and bars "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, whether or not the issue arises on the same or a different claim." *Id.* (citation modified). Under Tennessee law, claim preclusion requires that: (1) "the underlying judgment was rendered by a court of competent jurisdiction;" (2) "the same parties or their privies were involved in both suits;" (3) "the same claim or cause of action was asserted in both suits;" and (4) "the underlying judgment was final and on the merits." *United States v. Johnson*, Civ. No. 23-2709, 2025 WL 952245, at *9 (W.D. Tenn. Mar. 29, 2025). Issue preclusion requires that:

> (1) that the issue to be precluded is identical to an issue decided in an earlier proceeding, (2) that the issue to be precluded was actually raised, litigated, and decided on the merits in the earlier proceeding, (3) that the judgment in the earlier proceeding has become final, . . . and ([4]) that the party against whom collateral estoppel is asserted had a full and fair opportunity in the earlier proceeding to contest the issue now sought to be precluded.[8]

*Id.* at *7.

Although claim and issue preclusion are distinct, they share some overlap. *White v. Bradley Cnty. Gov't*, 639 S.W.3d 568, 581 (Tenn. Ct. App. 2021). Both claim and issue preclusion require a prior adjudication with a final judgment on the merits. *Elam v. Aurora Servs. Loan, LLC*, Civ.

---

[8] Tennessee previously required an additional element for issue preclusion, that "the party against whom collateral estoppel is asserted was a party or is in privity with a party to the earlier proceeding." *Johnson*, 2025 WL 952245, at *7. However, the Tennessee Supreme Court has rejected this mutuality requirement. *Id.* (citing *Bowen ex rel. Doe v. Arnold*, 502 S.W.3d 102, 115-16 (Tenn. 2016)).

No. 17-02188, 2018 WL 2074202, at *2 (W.D. Tenn. May 2, 2018), *aff'd sub nom. Elam v. Aurora Loan Servs., LLC*, Civ. No. 18-5743, 2019 WL 7603379 (6th Cir. Aug. 9, 2019); *Hanger*, 299 F. App'x at 555 (holding that Tennessee courts require that "one defending on the basis of res judicata or collateral estoppel must demonstrate that the judgment in the prior case was final and concluded the rights of the party against whom the defense is asserted" (citation modified)). This requirement is dispositive to the claim and issue preclusion arguments in the present Motion.

"[A] final judgment on the merits rendered by a court of competent jurisdiction concludes the rights of the parties and their privies." *Davidson v. Bredesen*, 330 S.W.3d 876, 884 (Tenn. Ct. App. 2009). There are two judgments in the Tennessee Action that this Court must consider the preclusive effect of. First, before trial, judgment was entered dismissing Aronov for lack of personal jurisdiction. Judgment as to Counter Defendants, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 6, 2024), Dkt. No. 227. And, after trial and post-trial motions, judgment was entered adjudicating claims brought against OJC, OJC's CEO, and HYC. Amended Judgment, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. July 10, 2025), Dkt. No. 344.

OJC argues that Aronov's dismissal for lack of personal jurisdiction under Rule 12(b)(2) cannot constitute a final adjudication on the merits to warrant dismissal in this case. (ECF No. 20 at 12-13.) The Court agrees. Rule 41(b) states that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--*except one for lack of jurisdiction,* improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits." Fed. R. Civ. P. 41(b) (emphasis added). It is well-established that dismissal for lack of personal jurisdiction "proves no bar to another suit" because it is not an adjudication on the merits. *Costello v. United States*, 365 U.S. 265, 286 (1961) (citation modified); *Korvettes, Inc.*

*v. Brous*, 617 F.2d 1021, 1024 (3d Cir. 1980) ("A dismissal for lack of jurisdiction is plainly not a determination of the merits of a claim."); *Springs v. U.S. Dep't of Treasury*, 567 F. App'x 438, 446 (6th Cir. 2014) ("Dismissal for lack of personal jurisdiction is not a final judgment on the merits.").

However, this particular judgment specified that Aronov was dismissed "with prejudice." Judgment as to Counter Defendants, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 6, 2024), Dkt. No. 227. Ordinarily, dismissal with prejudice operates as a final adjudication on the merits and has preclusive effect. *Weatherby Grp., LLC v. Heritage Tr. Co.*, Civ. No. E2024-01372-COA-R3-CV, 2025 WL 2400958, at *5 (Tenn. Ct. App. Aug. 19, 2025). But given that the only stated basis for Aronov's dismissal from the Tennessee Action was a lack of personal jurisdiction, the Court finds that dismissal "with prejudice" was a scrivener's error. Order Granting Joint Motion to Dismiss at 20, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 5, 2024), Dkt. No. 226 ("[T]he Court finds that the Counterclaim does not contain enough factual matter to state a prima facie claim of personal jurisdiction over [Aronov.]"). It is well-established that "a dismissal for lack of personal jurisdiction is necessarily a dismissal *not* on the merits and a dismissal 'without prejudice.'" *Brunson v. Capitol Cmg, Inc.*, Civ. No. 20-01056, 2021 WL 3081327, at *2 (M.D. Tenn. July 21, 2021) (emphasis in original); *see also Frame v. Lowe*, Civ. No. 09-2673, 2010 WL 503024, at *8 (D.N.J. Feb. 8, 2010) ("[A] dismissal for lack of personal jurisdiction is not a decision on the merits."). Only a court with jurisdiction may render an adjudication on the merits, and "[i]n the absence of personal jurisdiction, a federal court is powerless to proceed to an adjudication." *Caldwell v. Johnson*, Civ. No. 24-1212, 2025 WL 2900001, at *4 (M.D. Tenn. Oct. 10, 2025); *Atl. Pier Assocs., LLC v. Boardakan Rest. Partners*, 647 F. Supp. 2d 474, 485 (E.D. Pa. 2009) (same).

As such, this Court agrees with other courts that have held a dismissal for lack of personal jurisdiction cannot operate as an adjudication on the merits such that it has preclusive effect, even when the prior court notes the dismissal is "with prejudice." *Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132-33 (3d Cir. 2020) ("Because the basis for the [d]istrict [c]ourt's involuntary dismissal with prejudice was limited to lack of personal jurisdiction . . . the dismissal was not an adjudication on the merits. So the dismissal does not trigger claim preclusion." (citation modified)); *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) ("Based upon a plain reading of Fed. R. Civ. P. 41(b), and the facts of this case, we hold that the district court clearly erred when it dismissed Plaintiffs' action for lack of personal jurisdiction 'with prejudice.'"). The judgment dismissing Aronov in the Tennessee Action cannot operate as a final judgment on the merits.

However, the court adjudicating the Tennessee Action did enter another judgment adjudicating claims against the remaining defendants post-trial. Amended Judgment, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. July 10, 2025), Dkt. No. 344. It is undisputed that OJC appealed this judgment to the Sixth Circuit, and that appeal remains pending. (ECF No. 19-1 at 10; ECF No. 20 at 9.) *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 25-6154 (6th Cir.). Aronov focuses his motion on this post-trial judgment, arguing that this is a final judgment on the merits with preclusive effect, as all trial and post-trial matters have been adjudicated, (ECF No. 19-1 at 22), and OJC's pending appeal of this judgment does not alter its preclusive effect, (*id.* at 29).

Aronov is correct that under *federal* law and in many states, an appeal does not disturb the finality of a judgment and it still has preclusive effect. *Creech v. Addington*, 281 S.W.3d 363, 378 n.17 (Tenn. 2009). But the Court must apply *Tennessee* law of preclusion here, (*see supra* Section

III.A), and Tennessee is in the "minority" of jurisdictions that hold a judgment is not final for res judicata purposes while an appeal is pending. *Id.* at 377; *see also Brown v. Burch, Porter & Johnson PLLC L. Firm*, Civ. No. 15-2167, 2015 WL 5737802, at *5 (W.D. Tenn. Sept. 30, 2015), *aff'd sub nom. Brown v. Burch, Porter & Johnson, PLLC*, Civ. No. 15-6242, 2016 WL 9448027 (6th Cir. Nov. 21, 2016) ("Unlike federal law, under Tennessee law a judgment is not final for purposes of res judicata where an appeal is pending." (citation modified)). As such, there is no final judgment to support claim or issue preclusion here. For that reason alone, Aronov's Motion must be denied. *Richardson v. Tenn. Bd. of Dentistry*, 913 S.W.2d 446, 459 (Tenn. 1995) ("Res judicata and collateral estoppel apply only if the prior judgment concludes the rights of the parties on the merits.").

**C. Stay and Transfer**

Aronov argues that if the Court declines to dismiss this action based on res judicata or collateral estoppel, under the first-to-file rule the Court should stay this case pending the outcome of OJC's Sixth Circuit appeal or transfer this case to the United States District Court for the Western District of Tennessee (the Western District). (ECF No. 19-1 at 32-35.) OJC argues that this action cannot be transferred to the Western District as that court lacks jurisdiction over Aronov, and a stay would be inappropriate as the Tennessee Action does not concern Aronov's liability. (ECF No. 20 at 25-28.)

The first-to-file rule "encourages sound judicial administration and promotes comity among federal courts of equal rank. It gives a court 'the power' to enjoin the subsequent prosecution of proceedings involving the same parties and the same issues already before another district court." *EEOC v. Univ. of Pa.*, 850 F.2d 969, 971 (3d Cir. 1988), *aff'd*, 493 U.S. 182 (1990). Application of the rule is within the district court's discretion, and a court may stay, transfer, or dismiss the later-filed case. *Chavez v. Dole Food Co., Inc.*, 836 F.3d 205, 210 (3d Cir. 2016).

However, the rule does not provide a "mandate directing wooden application of the rule without regard to rare or extraordinary circumstances, inequitable conduct, bad faith, or forum shopping. District courts have always had discretion to retain jurisdiction given appropriate circumstances justifying departure from the first-filed rule." *EEOC*, 850 F.2d at 972.

Critically, for the rule to apply, the later-filed case must be "truly duplicative" of and "materially on all fours" with the first suit, meaning that "'[t]he issues must have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Grider v. Keystone Health Plan Cent., Inc.*, 500 F.3d 322, 334 n.6 (3d Cir. 2007) (quoting *Smith v. S.E.C.*, 129 F.3d 356, 361 (6th Cir. 1997)). Aronov emphasizes that "the parties and issues need not be precisely identical" for the rule to apply. (ECF No. 19-1 at 34.) Courts in this Circuit strictly construe this duplicity requirement. *Coyoy v. United States*, 526 F. Supp. 3d 30, 43 (D.N.J. 2021) (rejecting view that matters need only have "substantial overlap" and issues and parties need not be identical and instead holding that "the first-filed rule retains the 'same issues' and 'same parties' requirement set forth in *EEOC*. While it does appear that some district courts have strayed from that test over time, the Third Circuit has not"). However, both the Sixth and Third Circuit ultimately apply the same test to determine whether a suit is duplicative, which the Court applies here. *Thomas & Betts Corp. v. Hayes*, 222 F. Supp. 2d 994, 996 (W.D. Tenn. 2002) ("A duplicative suit is one in which the issues 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" (quoting *Smith,* 129 F.3d at 361)).

Applying that test, the Court holds that this matter is not "truly duplicative" of the Tennessee Action such that the first-to-file rule applies. While both cases concern the same 2022 events, they do not involve the same parties, as Aronov was dismissed from the Tennessee Action and no claims against him were adjudicated. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 448

(D.N.J. 2014) ("This action differs from the litigation in several material respects (indeed, lacking identity of both parties and issues) from the E.D.N.Y. action. The Court therefore finds application of the first-filed rule inapposite in the present action[.]").

Even if the Court were to apply the first-to-file rule here, neither a transfer to the Western District nor a stay are warranted. "In deciding a motion to dismiss, stay, or transfer pursuant to the first-to-file rule, a court must consider the same factors applicable to a motion to transfer under § 1404(a)." *Wheaton Indus., Inc. v. Aalto Sci., Ltd.*, Civ. No. 12-6965, 2013 WL 4500321, at *2 (D.N.J. Aug. 21, 2013). The Third Circuit balances both public and private interests to determine whether convenience and the interest of justice supports transfer under § 1404(a). *Id.* at *3.

Regarding Aronov's request to transfer this matter to the Western District, § 1404(a) "permits a district court to transfer a civil action, for the convenience of parties and witnesses or in the interest of justice, to another district *where the action may have been brought*." *Id.* at *3 (emphasis added). "An action can be brought only where the court has personal jurisdiction over defendants, and thus a court does not have authority to transfer a case to a court that lacks personal jurisdiction." *Hunt v. Glob. Incentive & Meeting Mgmt.*, Civ. No. 09-4921, 2010 WL 3740808, at *8 (D.N.J. Sept. 20, 2010). It is undisputed that on Aronov's own motion, the Western District dismissed the claims against Aronov for lack of personal jurisdiction. Order Granting Joint Motion to Dismiss at 20, *HYC Logistics, Inc. v. Ojcommerce, LLC*, Civ. No. 23-02050 (W.D. Tenn. Aug. 5, 2024), Dkt. No. 226. Such dismissal precludes "relitigating the issue of personal jurisdiction" in the court of dismissal. *Danziger & De Llano, LLP*, 948 F.3d at 133 (citation modified). As such, this Court cannot transfer this matter to the Western District.

Additionally, the interests considered under § 1404(a) do not support a stay in this action. While trial has already concluded in the Tennessee Action and the first-to-file rule in part seeks to

avoid duplicating litigation, the Tennessee Action did not adjudicate any claims against Aronov due to his jurisdictional dismissal, nor will the pending appeal address such claims. OJC chose to bring its claims here after involuntary dismissal from another court, and it would not be inconvenient for Aronov, a citizen of New Jersey, to be subject to suit in this forum. *See Wheaton Indus., Inc.*, 2013 WL 4500321, at *3-4 (considering public and private factors such as the plaintiff's choice of forum, convenience to parties, practical considerations, and local interest in deciding local controversies). "In general, the first-filed action is preferred unless considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." *Micro Quality Labs, LLC v. Hubot, Inc.*, Civ. No. 25-1438, 2026 WL 858575, at *2 (D. Del. Mar. 30, 2026) (citation modified). However, it is well-established that a court's authority to enjoin a later-filed case is discretionary, and the first-to-file rule "is a flexible standard motivated by equitable principles and practical considerations[.]" *Monzo v. Bazos*, 313 F. Supp. 3d 626, 630-31 (E.D. Pa. 2017) (quoting *EEOC*, 850 F.2d at 972). Equitable principles weigh in favor of allowing this action to proceed so that claims against Aronov can be addressed on their merits. *MLI RX, LLC v. GlaxoSmithKline LLC*, Civ. No. 23-429, 2023 WL 3739064, at *5 (E.D. Pa. May 30, 2023) (holding that "the first-to-file doctrine should not be used to subvert resolution of a case on the merits," and should not be in cases "involv[ing] defendants who prevented the plaintiffs from having their day in court through procedural windfalls"); *see also Zero Techs., LLC v. Clorox Co.*, 713 F. Supp. 3d 40, 73 (E.D. Pa. 2024) (holding that transfer or stay was not warranted under first-to-file rule where "the facts and procedural posture of this case are of the type of rare or extraordinary circumstances, that support departure from the first-to-file doctrine"). As such, the Court declines to transfer or stay this matter. However, the Court notes that if appropriate, Aronov may again raise preclusion at the summary judgment stage. *See Rouse v. II-VI Inc.*, Civ. No.

08-3922, 2009 WL 1337144, at *6 (3d Cir. May 14, 2009) ("[T]he [d]istrict [c]ourt, having previously denied the defendants' motion to dismiss [the plaintiff's] complaint, was nonetheless free to reconsider the res judicata issue at the summary judgment stage."); *Butler v. FCA US, LLC*, 119 F. Supp. 3d 699, 707 (E.D. Mich. 2015) (denying motion to dismiss based on res judicata without prejudice and providing that "[i]f [the d]efendant believes that it can better support its res judicata defense at the summary judgment stage, Defendant may raise it again at that time.").

## IV. CONCLUSION

For the foregoing reasons, and other good cause shown, Aronov's Motion (ECF No. 19) is **DENIED** without prejudice. An appropriate Order follows.

Dated: October 23, 2026

*Georgette Castner*

**GEORGETTE CASTNER**
**UNITED STATES DISTRICT JUDGE**